**HCDistrictclerk.com**          DEARMON, JOHN W (JR) vs. AMICA MUTUAL          6/18/2019
                                 INSURANCE COMPANY
                                 Cause: 201932103      CDI: 7      Court: 157

**APPEALS**

No Appeals found.

**COST STATMENTS**

No Cost Statments found.

**TRANSFERS**

No Transfers found.

**POST TRIAL WRITS**

No Post Trial Writs found.

**ABSTRACTS**

No Abstracts found.

**SETTINGS**

No Settings found.

**NOTICES**

No Notices found.

**SUMMARY**

CASE DETAILS                                     CURRENT PRESIDING JUDGE

| | | | |
|---|---|---|---|
| **File Date** | 5/8/2019 | **Court** | 157th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 11) |
| **Case (Cause) Status** | Active - Civil | | HOUSTON, TX 77002 |
| | | | Phone:7133686230 |
| **Case (Cause) Type** | Motor Vehicle Accident | **JudgeName** | TANYA GARRISON |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | N/A | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DEARMON, JOHN W (JR) | PLAINTIFF - CIVIL | | DOWNEY, MICHAEL ANDREW II |
| AMICA MUTUAL INSURANCE COMPANY | DEFENDANT - CIVIL | | MCCLUGGAGE, ANDREW J. |
| CARRILLO, JOSE S | DEFENDANT - CIVIL | | MCCLUGGAGE, ANDREW J. |
| 10 OAK CT APT 5104, HOUSTON, TX 77006 | | | |
| | REGISTERED AGENT | | |

**EXHIBIT B**

AMICA MUTUAL INSURANCE COMPANY MAY
BE SERVED BY SERVING ITS ATTORNEY

2150 TOWN SQUARE PL STE 600, SUGAR LAND, TX 77479-1465

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 6/17/2019 | ANSWER ORIGINAL PETITION | | | 0 | | MCCLUGGAGE, ANDREW J. | CARRILLO, JOSE S |
| 6/17/2019 | ANSWER ORIGINAL PETITION | | | 0 | | MCCLUGGAGE, ANDREW J. | AMICA MUTUAL INSURANCE COMPANY |
| 5/8/2019 | ORIGINAL PETITION | | | 0 | | DOWNEY, MICHAEL ANDREW II | DEARMON, JOHN W (JR) |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | AMICA MUTUAL INSURANCE COMPANY MAY BE SERVED BY SERVING ITS ATTORNEY | 5/8/2019 | 5/16/2019 | 5/22/2019 | | | 73623375 | E-MAIL |

2150 TOWN SQUARE PL STE 600 SUGAR LAND TX 77479

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | CARRILLO, JOSE S | 5/8/2019 | 5/16/2019 | | | | 73623378 | E-MAIL |

10 OAK CT APT 5104 HOUSTON TX 77006

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 85759492 | Amica Mutual Insurance Company Original Answer, Verified Denial and Affirmative Defenses | | 06/17/2019 | 4 |
| 85759493 | Jose S Carrillos Original and Affirmative Defenses | | 06/17/2019 | 3 |
| 85413297 | Citation Return | | 05/24/2019 | 3 |
| 85413306 | Citation Return | | 05/24/2019 | 3 |
| 85154288 | Plaintiff's Original Petition | | 05/08/2019 | 15 |

Receipt Number: 789291
Tracking Number: 73623375

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 201932103

PLAINTIFF: DEARMON, JOHN W  (JR)                    In the 157th Judicial

vs.                                                 District Court of

DEFENDANT: AMICA MUTUAL INSURANCE COMPANY           Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: AMICA MUTUAL INSURANCE COMPANY MAY BE SERVED BY SERVING ITS ATTORNEY FOR SERVICE
ROBERT R FOSS JR
2150 TOWN SQUARE PL STE 600
SUGAR LAND TX 77479



Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on May 8, 2019, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this May
16, 2019.

Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: RHONDA MOMON

Foss Personally
Served
5/22/19
(RFOr)

Issued at request of:
Downey, Michael A
3810 W. Alabama St.
Houston, TX  77027
713-714-0000

Bar Number: 24087445

SCH33710

5/8/2019 9:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33392613
By: Carolina Salgado
Filed: 5/8/2019 9:50 AM

## 2019-32103 / Court: 157

### CAUSE NO._____

| | | |
|---|---|---|
| **JOHN W. DEARMON, JR.,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMICA MUTUAL INSURANCE** | § | |
| **COMPANY AND JOSE S.** | § | |
| **CARRILLO,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, John W. Dearmon, Jr. ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of Amica Mutual Insurance Company ("Amica") and Jose S. Carrillo ("Carrillo") (to whom will be collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.      Plaintiff John Dearmon is an individual residing in Channelview, Harris County, Texas.

3.      Defendant Amica Mutual Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal

1

process, by a process server, by serving its Attorney for Service:  Robert R. Foss, Jr., 2150 Town Square Pl., Ste. 600, Sugar Land, Texas 77479 -1465.

4. Defendant Jose S. Carrillo is an individual adjuster engaged in the business of adjusting insurance claims in the State of Texas and a citizen of the State of Texas.  This defendant may be served with personal process by a process server at his place of residence, at 10 Oak Ct., Apt. 5104, Houston, Texas 77006.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant Amica because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Carrillo because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Harris County, Texas because the underlying incident—the automobile accident between Plaintiff and Paulina Elizabeth Salazar, which is further described herein—occurred in Harris County, Texas.  *See* TEX. INS. CODE § 1952.110.  Pursuant to Section 1952.110 of the Texas Insurance Code "[n]otwithstanding Section 15.032, Civil Practice and Remedies Code, an action against an insurer in relation to the coverage

2

provided under this subchapter, including an action to enforce that coverage, may be brought only in the county in which: (1) the policyholder or beneficiary instituting the action resided at the time of the accident involving the uninsured or underinsured motor vehicle; or (2) the accident occurred." *Id.*

## CONDITIONS PRECEDENT

9.  Pursuant to Texas Rules of Civil Procedure § 54, Plaintiff generally avers that all conditions precedent to the filing of this lawsuit have occurred.

## FACTS

10. On or about August 21, 2018 in Harris County, Texas, Plaintiff was involved in an automobile accident involving Paulina Elizabeth Salazar. Plaintiff was stopped for traffic on IH-45 North, when Paulina Elizabeth Salazar rear ended Plaintiff, which pushed Plaintiff's vehicle into another vehicle. Paulina Elizabeth Salazar was cited for failure to control speed. This collision was caused by one or more negligent acts and/or omissions on the part Paulina Elizabeth Salazar, which negligent acts were the proximate cause of personal injuries to Plaintiff.

11. Plaintiff submitted a claim to Paulina Elizabeth Salazar's purported insurance company, but was informed that there was no coverage in effect at the time of the accident.

12. Plaintiff has requested Defendant Amica cover Plaintiff's damages through the policy issued to Plaintiff in Harris County, Texas, whereas Defendant Amica has refused. Plaintiff dutifully paid his premiums to Defendant Amica, which now refuses to honor its agreement with Plaintiff.

13. At the time of the accident, Plaintiff was insured under an automobile insurance policy (policy no. 99054221BN), which was issued and sold to Plaintiff by Defendant Amica ("the

3

Policy"). The Policy included underinsured/uninsured motorist coverage and personal injury protection coverage.

14.  Plaintiff provided Defendant Amica notice of the accident, when Plaintiff sent his Notice of Claim shortly after the incident, and Defendant Amica assigned claim number 60003282349 to Plaintiff's claim.

15.  Amica knew or reasonably should have known that Plaintiff did not receive any amount to cover his damages because Paulina Elizabeth Salazar was uninsured.

16.  As detailed in the paragraphs below, Defendant Amica ultimately wrongfully denied Plaintiff's claim for Uninsured Motorist ("UIM") benefits pursuant to the Policy, even though the Policy provided coverage for bodily injuries and damages such as those suffered by Plaintiff as a result of the accident and included UIM coverage. In fact, Plaintiff has presented Defendant Amica with the accident report, which clearly demonstrates Paulina Elizabeth Salazar's liability.

17.  Moreover, Defendants failed to conduct a reasonable investigation of Plaintiff's claim for UIM benefits pursuant to the terms of the Policy. Defendant Amica assigned Defendant Carrillo as the individual adjuster on Plaintiff's claim. Together, Defendants Amica and Carrillo set out to deny and/or underpay Plaintiff's properly covered damages and claim. As a result of Defendants' unreasonable investigation, including the failure to provide full coverage pursuant to the Policy, Plaintiff's claim was improperly adjusted, and he was denied adequate payment for his covered injuries and damages. To this date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

18.  Defendant Amica breached the Policy, under which Plaintiff was a named insured, policyholder, and covered person. For example, Defendant Amica did not acknowledge

4

Plaintiff's claim within the time period proscribed under the Policy, as well as the Texas Insurance Code. Additionally, Defendants Amica and Carrillo failed to begin an investigation of Plaintiff's claim and request all information Defendants required in order to investigate, adjust, and settle Plaintiff's claim within the time periods required under the Policy and Texas law. Furthermore, after Defendants had been provided all the information and/or document(s) regarding the claim requested of Plaintiff, Defendant Amica failed to timely accept or deny Plaintiff's claim within the time period proscribed under the Policy and, ultimately, Defendant Amica failed to timely pay Plaintiff the full amount he was entitled to for his claim pursuant to the Policy. In fact, to date, Plaintiff has yet to receive the full payment to which he is entitled for his claim under the Policy.

19. Defendant Amica failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Amica's conduct constitutes a breach of the insurance contract between Amica and Plaintiff.

20. Defendant Amica and the adjusters it hired and assigned to Plaintiff's claim, including Defendant Carrillo, failed to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, even though Defendant Amica's liability under the Policy was reasonably clear. Defendants Amica and Carrillo have yet to make a prompt, fair, and equitable settlement of Plaintiff's claim. Defendants' conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(2)(A).

21. Defendants Amica and Carrillo did not, within a reasonable time, affirm or deny coverage to Plaintiff or submit a reservation of rights. Plaintiff made a claim for Uninsured motorist

5

benefits, and Defendants did not affirm nor deny Plaintiff's claim, within a reasonable time. Defendants' conduct constitutes a violation of TEX. INS. CODE § 541.060(a)(4).

22.     Defendants Amica and Carrillo failed to pay Plaintiff's claim without conducting a reasonable investigation of the claim in violation of TEX. INS. CODE § 541.060(a)(7).

23.     Defendant Amica did not timely acknowledge receipt of the claim, commence an investigation of the claim, and request from Plaintiff all items, statements, and forms that Defendant Amica reasonably believed at the time would be required from Plaintiff within fifteen (15) days after Plaintiff notified Defendants of his claim. Defendant Amica's failure to acknowledge receipt of Plaintiff's claim, commence an investigation of the claim, and request all items, statements, and forms that it reasonably believed would be required within the statutorily mandated time after receipt of Plaintiff's claim constitutes a violation of TEX. INS. CODE § 542.055, and is also a breach of the insurance contract and Policy between Defendant and Plaintiff.

24.     Defendants Amica and Carrillo failed to explain to Plaintiff the reasons for their inadequate settlement offer. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation of why full payment was not being made. Furthermore, Defendants did not communicate any future settlement or payment would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes an unfair settlement practice in accordance with TEX. INS. CODE § 541.060(a)(3).

25.     Defendant Amica failed to timely notify Plaintiff of its acceptance or denial of his claim within fifteen (15) business days after receiving all items, statements, and forms requested

from Plaintiff.  Defendant's conduct constitutes a violation of TEX. INS. CODE § 542.056 and a breach of the insurance contract between Amica and Plaintiff.

26.   Defendant Amica has delayed payment of Plaintiff's claim longer than allowed under TEX. INS. CODE § 542.058 and in violation of the terms of the insurance contract between Defendant Amica and Plaintiff.

27.   Defendants Amica's and Carrillo's wrongful acts and omissions were committed knowingly and intentionally, and each was a producing and/or proximate cause of Plaintiff's injuries and damages.

28.   As a result of Defendants Amica's and Carrillo's acts and omissions, Plaintiff was forced to retain the attorneys who are representing him in this cause of action.

29.   The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant.

30.   Defendant Amica acted unfairly and in bad faith in dealing with Plaintiff and, therefore, has likewise breached its duty of good faith and fair dealings owed to insureds in insurance contracts, including Plaintiff.

31.   Furthermore, Plaintiff physically and mentally continues to suffer from the long-term effects of the accident.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT CARRILLO
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

32.   Defendant Carrillo's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

7

33.     Defendant Carrillo is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Amica, because he is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

34.     Defendant Carrillo's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

35.     Defendant Carrillo failed to explain to Plaintiff the reasons for his offer of an inadequate settlement. Specifically, Defendant Carrillo failed to offer Plaintiff adequate compensation, without any reasonable explanation why full payment was not being made. Furthermore, Defendant Carrillo did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practices of Defendant Carrillo, as described above, of failing to provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or

applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

36. Defendant Carrillo's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

37. Defendant Carrillo's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## CAUSES OF ACTION AGAINST DEFENDANT AMICA ONLY

38. Defendant Amica is liable to Plaintiff for breach of contract, as well as the intentional and knowing violations of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, and breach of warranties.

### A. Breach of Contract

39. Defendant Amica has failed to pay Plaintiff per the terms of the contract of his insurance policy with Defendant as a policyholder and covered person, which is a breach of the contract between Defendant Amica and Plaintiff and the proximate and/or producing cause of Plaintiff's damages.

40. All conditions precedent to recovery upon Plaintiff's insurance policy made the basis of this action have been carried out and accomplished by Plaintiff, and Defendant Amica has

failed and refused to pay as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas.

41. Defendant Amica has failed and refused to pay the proceeds of the referenced Policy in accordance with the terms of said Policy although due demand was made that said proceeds be paid. Such action on the part of Defendant Amica constitutes a breach of the insurance contract referred to herein. Proceeds of said Policy in an amount sufficient to cover the damages sustained by Plaintiff are due, payable and currently owed by Defendant Amica.

42. Additionally, Defendant Amica did not acknowledge receipt of the claim, commence an investigation of the claim, and request from Plaintiff all items, statements, and forms that Defendant Amica reasonably believed at the time would be required from Plaintiff within fifteen (15) days after Plaintiff notified Defendant Amica of his claim. Defendant Amica's failure to acknowledge receipt of Plaintiff's claim, commence an investigation of the claim, and request all items, statements, and forms that Defendant Amica reasonably believed would be required within fifteen days after receipt of Plaintiff's claim are a breach of the insurance contract with Plaintiff.

43. Furthermore, Defendant Amica did not notify Plaintiff of its acceptance or denial of his claim within fifteen (15) business days after receiving all items, statements, and forms required by Defendant Amica, which is a breach of the insurance contract between Defendant Amica and Plaintiff.

### B. Violations of the Texas Insurance Code

44. Defendant Amica's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Amica's liability under the Policy was reasonably clear, constitutes an unfair method of

10

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45.     Defendant Amica's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

46.     Defendant Amica's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

47.     Defendant Amica's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE § 542.055.

48.     Defendant Amica's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim TEX. INS. CODE § 542.058.

### C.   Bad Faith/Breach of the Duty of Good Faith & Fair Dealing

49.     In aggregate, Defendant Amica's conduct in failing to adequately and reasonably investigate and evaluate Plaintiff's claim, as set forth herein, constitutes a breach of Defendant Amica's common law duty of good faith and fair dealing.

11

### D.   Breach of Warranties

50.    Defendant Amica's conduct, as set out herein, constituted a breach of the implied warranty to perform services in a good and workmanlike manner, in that the work performed by Defendants in investigating Plaintiff's claim was not the quality of work that should have been performed by those who have the knowledge, training, or experience necessary, and it was not performed in a manner generally considered proficient by those capable of judging such work.

51.    Defendants' conduct, as set out herein, constituted a breach of implied and express warranties created by the affirmation and/or promise made by Defendants that related to its goods and services and which became the basis of the bargain entered into between Defendant Amica and Plaintiff.

### E.   Acts Constituting Acting as Agent

52.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Carrillo is an agent of Amica based on his conduct during the handling of this claim, including adjustments and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE § 4001.051.

53.    Separately, and/or in the alternative, as referenced and described above, Amica ratified the acts and omissions of Defendant Carrillo, including the accomplishment, or lack thereof, of his respective duties and obligations under the common law and statutory law.

### DAMAGES

54.    Plaintiff has actual damages, including mental anguish and other damages resulting from Defendants' failure to pay Plaintiff Policy benefits to which he was rightfully owed under the Policy and Texas law. This mental anguish will likely continue into the future and, at

a minimum, until such time that Plaintiff has been paid the full proceeds he is entitled to under the Policy.

55.    Plaintiff is entitled to his actual damages, including mental anguish, plus court costs and reasonable and necessary attorney's fees, as well as three times his actual damages because the acts and omissions complained of were committed knowingly and intentionally.  These damages are available for violations of the Texas Insurance Code.  For these violations, Plaintiff is also entitled to his reasonable and necessary attorney's fees.

56.    Plaintiff also pleads for any other relief the Court deems proper, as authorized by the Texas Insurance Code.

57.    Under the common law of breach of the duty of good faith and fair dealing, Plaintiff is entitled to actual and exemplary damages for Defendants' knowing, intentional, and malicious conduct.

58.    Under the Prompt Payment of Claims Act, Plaintiff is entitled to an amount equal to his claim for benefits plus simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, plus attorney's fees.

59.    Under Texas Civil Practice and Remedies Code § 38.001, Plaintiff is entitled to reasonable attorney's fees and costs.

## JURY DEMAND

60.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## NOTICE OF SELF-AUTHENTICATION

61.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this is the actual written notice to you that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial.  Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendants shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

62.     *Plaintiff's Request for Disclosure to Defendant Amica Mutual Insurance Company* is attached as "Exhibit A."  *Plaintiff's Request for Disclosure to Defendant Jose S. Carrillo* is attached as "Exhibit A-1."

### INTERROGATORIES

63.     *Plaintiff's First Set of Interrogatories to Defendant Amica Mutual Insurance Company* is attached as "Exhibit B."

### REQUEST FOR PRODUCTION

64.     *Plaintiff's Request for Production to Defendant Amica Mutual Insurance Company* is attached as "Exhibit C."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear, and that upon final hearing, he obtain a judgment against Defendants for his actual damages, mental anguish, treble damages, plus prejudgment interest for all damages incurred prior to trial at the highest legal rate allowed, all penalties and interest including attorney's fees as pled,

interest on the judgment at the highest legal rate allowed, costs of court, and for such other and further relief as Plaintiff may show himself to be justly entitled, both at law and in equity.

Respectfully submitted,

**MOSTYN LAW**

*/s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
Telephone(713) 714-0000
Facsimile (713) 714-1111
MADDocketEfile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

15

"EXHIBIT A"

CAUSE NO._____

| | | |
|---|---|---|
| JOHN W. DEARMON, JR.,<br>*Plaintiff,* | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY AND JOSE S. | § | |
| CARRILLO, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT AMICA MUTUAL INSURANCE COMPANY

TO:   Defendant, Amica Mutual Insurance Company, by and through its Attorney for Service: Robert R. Foss, Jr., 2150 Town Square Pl., Ste. 600, Sugar Land, Texas 77479 -1465.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant, Amica Mutual Insurance Company, disclose within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

/s/ Michael A. Downey
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A-1"**

CAUSE NO._____

| | | |
|---|---|---|
| JOHN W. DEARMON, JR., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY AND JOSE S. | § | |
| CARRILLO, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT JOSE S. CARRILLO

TO:   Defendant, Jose S. Carrillo, 10 Oak Ct., Apt. 5104, Houston, Texas 77006.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant, Jose S. Carrillo, disclose within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

"EXHIBIT B"

CAUSE NO._____

| | | |
|---|---|---|
| JOHN W. DEARMON, JR.,<br>  *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| AMICA MUTUAL INSURANCE<br>COMPANY AND JOSE S.<br>CARRILLO,<br>  *Defendants.* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AMICA MUTUAL INSURANCE COMPANY

TO: Defendant, AMICA MUTUAL INSURANCE COMPANY, by and through its Attorney for Service:  Robert R. Foss, Jr., 2150 Town Square Pl., Ste. 600, Sugar Land, Texas 77479 -1465.

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that Defendant AMICA MUTUAL INSURANCE COMPANY disclose within fifty (50) days after the date of service of this request, the information or material described in the following set of interrogatories.

Respectfully submitted,

MOSTYN LAW

_/s/ Michael A. Downey_
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

ATTORNEY FOR PLAINTIFF

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AMICA MUTUAL INSURANCE COMPANY

### INTERROGATORY NO. 1

Please identify all persons answering these Interrogatories.

**ANSWER:**

### INTERROGATORY NO. 2

Identify all persons You have employed or contracted who have worked, handled or advised on any portion of the claim made the basis of this lawsuit, their job titles, and their dates of claims handling.

**ANSWER:**

### INTERROGATORY NO. 3

Please state when You were notified, and by whom, of the motor vehicle collision complained of in Plaintiff's petition.

**ANSWER:**

### INTERROGATORY NO. 4

Please state the basis for Your refusal to pay damages to Plaintiff herein as a result of the underinsured coverage provided to Plaintiff at the time of the motor vehicle collision in question, under Policy No. 99054221BN.

**ANSWER:**

### INTERROGATORY NO. 5

What individual(s) notified Plaintiff of Your acceptance or rejection of Plaintiff's claim or your request additional information regarding the claim, when was Plaintiff notified, and by what method was Your notification sent?

**ANSWER:**

### INTERROGATORY NO. 6

Do you know of any business records or papers that document your notification of Plaintiff of Your decision? If so, please list the names of the documents and the authors.

**ANSWER:**

**INTERROGATORY NO. 7**

If You were unable to accept or reject Plaintiff's claim within 15 business days of receipt, when did You notify Plaintiff that additional time was required, and what reason, if any, did You give for the request for an extension?

**ANSWER:**

**INTERROGATORY NO. 8**

At any time has an investigation been made on Your behalf with respect to any aspect of Plaintiff's complaint? If so please state:

      a.    The date it was made;

      b.    The name, address, telephone number and job title or capacity of the person who authorized it; and

      c.    The name, address, telephone number and job title or capacity of each investigator.

**ANSWER:**

**INTERROGATORY NO. 9**

At any time has a report been made on any investigation listed in the answer to Interrogatory No. 8? If so, for each report, state:

      a.    the date it was prepared;

      b.    the identity of the investigation from which it was prepared;

      c.    the name, address, telephone number and job title or capacity of the person who prepared it;

      d.    the name, address, telephone number and job title or capacity of each person who prepared it;

      e.    whether it was oral, written or otherwise recorded.

**ANSWER:**

**INTERROGATORY NO. 10**

Do You contend that Plaintiff's claim was not of the first party type? If yes, state:

    a.    the substance of your reason(s);

    b.    the name, address, telephone number and occupation of each person who has knowledge of facts contributing to such contention;

    c.    the facts known by each person listed in your response to part (c).

**ANSWER:**

**INTERROGATORY NO. 11**

Was payment conditional on some act by Plaintiff? If so, please state the nature and purpose of such act.

**ANSWER:**

**INTERROGATORY NO. 12**

State when You requested, and subsequently received, all items, statements and forms required to secure final proof of loss on the Plaintiff's underinsured motorist claim.

**ANSWER:**

**INTERROGATORY NO. 13**

Please identify the specific policy sections of the Plaintiff's insurance policy which You allege are defenses to payment of the Plaintiff's claim.

**ANSWER:**

**INTERROGATORY NO. 14**

Please state in detail each contention why Plaintiff's claim has not been paid to the full amount of the limits of this policy.

**ANSWER:**

**INTERROGATORY NO. 15**

Please state in detail how You met Your duties to Plaintiff under the contract between You and Plaintiff as made the subject of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 16**

State whether any Defendants tendered a check to Plaintiff for payment of the damages as estimated as a result of the automobile collision made the basis of the present suit. If the answer to the foregoing Interrogatory is in the affirmative, state the date that the check was tendered, the amount of the check and whether a release form was required.

**ANSWER:**

**INTERROGATORY NO. 17**

State whether You used a computer-assisted bodily injury evaluation program or software in evaluating Plaintiff's claim, and if so, the name of the program or software.

**ANSWER:**

**"EXHIBIT C"**

CAUSE NO._____

| | | |
|---|---|---|
| JOHN W. DEARMON, JR., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY AND JOSE S. | § | |
| CARRILLO, | § | |
| *Defendants.* | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT AMICA MUTUAL INSURANCE COMPANY

TO:   Defendant, AMICA MUTUAL INSURANCE COMPANY, by and through its Attorney for Service:  Robert R. Foss, Jr., 2150 Town Square Pl., Ste. 600, Sugar Land, Texas 77479 -1465.

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that Defendant AMICA MUTUAL INSURANCE COMPANY disclose within fifty (50) days after the date of service of this request, the information or material described in the following request for production.

Respectfully submitted,

MOSTYN LAW

/s/ Michael A. Downey
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

## FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT AMICA MUTUAL INSURANCE COMPANY

### REQUEST FOR PRODUCTION NO. 1

A copy of the entire Claim investigation file, maintained, in the ordinary course of business, by the home office, regional office, local office other office, including, but not limited to, the master file and any and all adjusters' working files, from on or about August 21, 2018 through the date the Lawsuit was filed.

**RESPONSE:**


### REQUEST FOR PRODUCTION NO. 2

Your Texas claims school course material for the past three (3) years.

**RESPONSE:**


### REQUEST FOR PRODUCTION NO. 3

All statements made by Plaintiff, his agents, servants or employees concerning this action or its subject matter, in Your possession, custody or control, including any written statements, stenographic, mechanical, electrical or other recording, or transcription thereof.

**RESPONSE:**


### REQUEST FOR PRODUCTION NO. 4

Copies of all papers, documents, letters, recordings or any other device that establishes the date upon which You first received Plaintiff's notice of claim.

**RESPONSE:**


### REQUEST FOR PRODUCTION NO. 5

Copies of all papers or documents that establish Your acknowledgment of receipt of Plaintiff's claim.

**RESPONSE:**


### REQUEST FOR PRODUCTION NO. 6

Copies of all papers or documents that establish the date upon which You began any investigation of Plaintiff's claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 7
Copies of all papers or documents that establish the name of the investigator(s).

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 8
Copies of all papers or documents that establish the date upon which You requested all items, statements, and forms that you reasonably believed would be required from the claimant.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 9
Copies of all papers or documents that establish the date upon which You notified Plaintiff of either the acceptance or rejection of the claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 10
Copies of all papers or documents that give the reason and the date for the rejection, if claim was rejected.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 11
All inter-office memoranda or other form or written communication of any agent, employee, representative or any other person acting on Your behalf which relate to the initial process of the Claim when You first received said claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 12
All written communication between Plaintiff and Defendant, including all proof of loss forms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
All written communication between You and any third party concerning the processing, acceptance, or denial of the Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**
Your instructions for adjusters in Harris County, Texas, regarding the payment and evaluation of Underinsured Motorist claims and other car wrecks for the past three (3) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15**
A true and correct copy of any incident report pertaining to the Accident made the basis of this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16**
All written manuals, guidelines, procedures, policies, memoranda or writings concerning, pertaining to, referring to or relating to the handling of claims or insureds which may have been utilized by, referred to, relied upon, generated by, created by, prepared by, revised by, or circulated by Defendant from January 1, 2014 through the date this lawsuit was filed.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17**
Any and all photographs, videos, sketches or drawings relevant to the subject matter of this Lawsuit, taken at any and all times whatsoever, including but not limited to, any and all photographs, videos, sketches or drawings of the location of the accident, the Plaintiff, and any items which may have contributed to the accident.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18**
A true and correct transcription of any and all statements made by Plaintiff at any time to anyone that is related to the basis of this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**

A true and correct copy of any and all diagrams or drawings made by or prepared by the Plaintiff containing matters relevant to the incident in question.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20**

A true and correct copy of any and all correspondence, notes, taped conversations, or other memoranda between the Plaintiff and the Defendant prior to the date Defendant received notice of the Lawsuit, pertaining to the collision and Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21**

Any and all writings of any kind, recording or memorialized meetings or conversations engaged in by any and all employees, agents, or representatives or any other person acting on Your behalf concerning, pertaining to, referring to or relating to the subject Policy or the subject Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22**

Any and all documents and tangible things including all tangible reports, physical models, compilations of data and other material prepared by any testifying or consulting expert, or for any testifying or consulting expert, in anticipation of the expert's trial and deposition testimony. If the discoverable factual observations, tests, supporting data, calculations, photographs or opinions of a testifying or consulting expert who will be called as a witness have not been recorded and reduced to tangible form, request is made that these matters be reduced to tangible form and produced.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23**

Any and all test results and/or reconstruction data and documents regarding testing conducted by a testifying or consulting expert whom you expect to call to testify on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**

Any and all reports, charts, photographs, models, videotapes, diagrams, notes and/or other documents or items prepared by, held by, or within Your testifying or consulting expert's care, custody or control, and which your testifying or consulting expert used, referred to or relied upon to formulate his/her opinions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**

Any and all treatises, excerpts from treatises, trade publications, textbooks, government regulations, trade industry standards and all other authoritative materials upon which Your testifying or consulting expert relied, read, referred to, considered or rejected in arriving at his/her opinions in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**

All documents relating to company guidelines, policies or procedures that serve as criteria for evaluation whether claims are covered or excluded by any policy provisions that You contend apply to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**

All documents, manuals, and training material, including all audio and video tapes used in training, overseeing, or supervising Your claims handling personnel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**

A copy of each advertisement You have used in the State of Texas in the past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Your complete claim file pertaining to the claim filed by Plaintiff against Defendant, including, but not limited to all medical bills and medical reports and/or records, daily log activity sheets, inter-office communication, memorandums, notes, medical authorizations, requests for medical information, loss reserves set on the file, name of the handling adjuster and time period of involvement, file jacket, and any other information relevant to said claim file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
All communications in which You requested information from Plaintiff that Defendant needed or desired for the purpose of evaluating Plaintiff's claim for benefits under the Underinsured Motorist coverage portion of the Policy in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
All training and educational materials provided to or made available to claims handlers and their supervisors in the last five (5) years which instruct claims handlers in handling claims for coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
All such material requested in the previous request that are specific to Texas claims handlers or specific to Texas law.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
All procedure or policy manuals or guides provided to or made available to claims handlers and their supervisors in the last five (5) years that were meant to guide and assist claims handlers in handling claims for coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**

All such material requested by the previous request that are specific to Texas claims handlers or specific to Texas law.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**

All such materials in the previous request that were used to guide or assist any claim handler who handled the claim(s) in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**

All documents received from the Index Bureau regarding Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**

Your claims manual(s) applicable to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**

All documents created or established by Defendant and governing the conduct of Your employees when accepting, evaluating, adjusting, and settling claims during past five (5) years.

**RESPONSE:**

6/17/2019 9:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34413480
By: LISA COOPER
Filed: 6/17/2019 9:49 AM

## CAUSE NO. 2019-32103

| | | |
|---|---|---|
| JOHN W. DEARMON, JR., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY AND JOSE S. CARRILLO, | § | |
| | § | |
| Defendants. | § | 157TH JUDICIAL DISTRICT |

### AMICA MUTUAL INSURANCE COMPANY ORIGINAL ANSWER, VERIFIED DENIAL, AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Amica Mutual Insurance Company ("Defendant") hereby files its Original Answer, Verified Denial, Request for Disclosure, and Jury Demand, and would respectfully show the Court as follows:

### I. VERIFIED DENIAL

1.1 Defendant Amica Mutual Insurance Company denies, under Texas Rule of Civil Procedure 93(15), that Plaintiff has complied with all the terms of the policy as a condition precedent to bringing suit.

### II. GENERAL DENIAL

2.1 Defendant generally denies the allegations in Plaintiff's live Petition and requests that the Plaintiff be required to prove them by a preponderance of the evidence by the laws of the State of Texas.

### III. ADDITIONAL DEFENSES

3.1 For further Answer, if such be necessary, Defendant denies that Plaintiff has complied with all necessary conditions precedent to filing suit and/or recovering damages from Defendant.

1

## IV. JURY DEMAND

4.1     Defendant hereby relies upon the Plaintiff's demand for a trial by jury.

## V. REQUEST FOR DISCLOSURE

5.1     Under Rule 194 of the Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose, within thirty (30) days of service of this request, the information described in Rule 194.2 (a) – (l).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Amica Mutual Insurance Company respectfully pray that Plaintiff takes nothing of and from Defendant, and that Defendant receives all costs of Court, and for such other and further relief, both at law and in equity, to which Defendant may show to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
ANDREW J. MCCLUGGAGE
State Bar No. 24065708
RAYMOND M. KUTCH
State Bar No. 24072195
One Riverway, Suite 1400
Houston, Texas  77056
Phone: (713) 403-8210
Fax:    (713) 403-8299
Email: amccluggage@thompsoncoe.com
        rkutch@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT AMICA
MUTUAL INSURANCE COMPANY**

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2019, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, TX 77027
Telephone: (713) 714-0000
Telecopy: (713) 714-1111
maddocketefile@mostynlaw.com
***Attorney for Plaintiff***

/s/ Raymond M. Kutch
Raymond M. Kutch

3

7015623v2
11697.082

## VERIFICATION

STATE OF _Texas_      §
                             §
COUNTY OF _Fort Bend_    §

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared _James G. Carvill_, who, after being duly sworn, stated under oath that he is a duly authorized representative of Defendant Amica Mutual Insurance Company, he has read the above Original Answer of Defendant Amica Mutual Insurance Company, and that, upon information and belief, every statement contained in Section I of the Original Answer is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME on this the _14_ day of June 2019.

(SEAL)

_____
Notary Public

_Carmen Vazquez_
Printed Name of Notary

My Commission Expires: _01|17|2022_

Maria Vazquez
My Commission Expires
01/17/2022
ID No 10585093

7015623v2
11697.082

6/17/2019 9:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34413480
By: LISA COOPER
Filed: 6/17/2019 9:49 AM

## CAUSE NO. 2019-32103

| | | |
|---|---|---|
| JOHN W. DEARMON, JR., | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY AND JOSE S. CARRILLO, | § | |
| | § | |
| **Defendants.** | § | 157TH JUDICIAL DISTRICT |

### JOSE S. CARRILLO'S ORIGINAL AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Jose S. Carillo ("Defendant") and hereby files his Original Answer, Request for Disclosure, and Jury Demand, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

1.1     Defendant generally denies the allegations in Plaintiff's live Petition and requests that the Plaintiff be required to prove them by a preponderance of the evidence by the laws of the State of Texas.

### III. ADDITIONAL DEFENSES

2.1     For further Answer, if such be necessary, Defendant denies that Plaintiff has complied with all necessary conditions precedent to filing suit and/or recovering damages from Defendant.

### IV. JURY DEMAND

3.1     Defendant hereby relies upon the Plaintiff's demand for a trial by jury.

### V.

1

7024099v1
11697.082

## V. REQUEST FOR DISCLOSURE

4.1     Under Rule 194 of the Texas Rules of Civil Procedure, Defendant request that Plaintiff disclose, within thirty (30) days of service of this request, the information described in Rule 194.2 (a) – (l).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Jose S. Carrillo respectfully prays that Plaintiff take nothing of and from Defendant, and that Defendant receives all costs of Court, and for such other and further relief, both at law and in equity, to which Defendant may show to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
  ANDREW J. MCCLUGGAGE
  State Bar No. 24065708
  RAYMOND M. KUTCH
  State Bar No. 24072195
  One Riverway, Suite 1400
  Houston, Texas  77056
  Phone: (713) 403-8210
  Fax:     (713) 403-8299
  Email: amccluggage@thompsoncoe.com
     rkutch@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT AMICA MUTUAL INSURANCE COMPANY and JOSE CARILLO.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2019, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, TX 77027
Telephone: (713) 714-0000
Telecopy: (713) 714-1111
maddocketefile@mostynlaw.com
***Attorney for Plaintiff***

/s/ Raymond M. Kutch
Raymond M. Kutch

3

7024099v1
11697.082